FILED

2014 SEP 19  PM 4: 03

1  Payam Shahian (SBN 228406)
2  pshahian@slpattorney.com
   Michael Devlin (SBN 265365)
3  mdevlin@slpattorney.com
   Karen E. Nakon (SBN 278423)
4  knakon@slpattorney.com
5  STRATEGIC LEGAL PRACTICES, APC
6  1875 Century Park East, Suite 700
   Los Angeles, California 90067
7  Telephone:  (310) 277-1040
8  Facsimile:   (310) 943-3838

9  Matthew R. Mendelsohn (*pro hac vice* forthcoming)
10 mmendelsohn@mskf.net
   MAZIE SLATER KATZ & FREEMAN, LLC
11 103 Eisenhower Parkway
12 Roseland, NJ 07068
   Telephone:  (973) 228-0391
13 Facsimile:   (973) 228-0303

14
15 Attorneys for Plaintiff

16          UNITED STATES DISTRICT COURT

17    CENTRAL DISTRICT OF CALIFORNIA– SOUTHERN DIVISION

18          SACV14 · 01519 AG (JC Gx)

19  ALEXANDER BRAURMAN, on          Case Number:
    behalf of himself and all others
20  similarly situated,
                                    **CLASS ACTION**
21
22          Plaintiff,              **COMPLAINT FOR DAMAGES
       v.                           AND INJUNCTIVE RELIEF
23                                  PURSUANT TO THE TELEPHONE
                                    CONSUMER PROTECTION ACT,
24  AGR GROUP, INC.,                47 U.S.C. §§ 227 *ET SEQ.*
25          Defendant.
                                    **DEMAND FOR JURY TRIAL**
26
27
28
                        1

1

**INTRODUCTION**

2     1.      Alexander Braurman ("Plaintiff") brings this Class Action Complaint

3 for damages, injunctive relief, and any other available legal or equitable remedies,

4 resulting from the illegal actions of AGR Group, Inc. ("AGR" or "Defendant"), to

5 stop their practice of making unsolicited calls to the telephones of consumers

6 nationwide and to obtain redress for all persons injured by their conduct. Plaintiff

7 alleges as follows upon personal knowledge as to her own acts and experiences,

8 and, as to all other matters, upon information and belief, including investigation

9 conducted by her attorneys.

10

**JURISDICTION AND VENUE**

11     2.      The Court possesses federal question subject matter jurisdiction over

12 the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") claims.

13 *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

14     3.      This Court also possesses subject matter jurisdiction over this action

15 pursuant to 28 U.S.C. §§ 1332(d)(2) and (6) of the Class Action Fairness Act of

16 2005 because (i) the Class consists of 100 or more members, (ii) the aggregate

17 amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii)

18 there is minimal diversity because at least one plaintiff and one defendant are

19 citizens of different states.

20     4.      Venue is proper in this district under 28 U.S.C. § 1391 because

21 Defendant resides in and continuously conducts business in this district.

22

**PARTIES**

23     5.      Plaintiff Alexander Braurman is, and at all times mentioned herein

24 was, a citizen and resident of the State of New Jersey. He is, and at all times

25 mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

26     6.      Plaintiff is informed and believes, and thereon alleges, that Defendant

27 is, and at all times mentioned herein was, a California corporation with its principal

28

2

1   place of business located at 13902 Harbor Blvd. Suite 2-C, Garden Grove,

2   California, 92843, and a "person," as defined by 47 U.S.C. § 153 (39).

3         7.     Plaintiff alleges that, at all times relevant herein, Defendant conducted

4   business throughout the United States, including in the state of California and

5   within this judicial district.

6   **FACTUAL ALLEGATIONS**

7         8.     AGR touts itself as "Energy Telemarketing Specialists," who are

8   dedicated "solely to the retail energy industry."[1]  AGR focuses on serving third-

9   party energy companies throughout the country to "complete the sale [of electricity

10  and natural gas] to the end user."[2]

11        9.     Unfortunately for consumers, in an attempt to market and sell the

12  products and services of various third-party energy suppliers, Defendant repeatedly

13  made unsolicited promotional telephone calls to Plaintiff and the other members of

14  the putative Class's telephones, in violation of the TCPA.

15        10.    By making the telephone calls at issue in this Complaint, Defendant

16  caused Plaintiff and the members of the Class actual harm, including the

17  aggravation and nuisance, as well as the invasion of privacy, that necessarily

18  accompanies the receipt of unsolicited and harassing telephone calls and the monies

19  paid to their telephone carriers for the receipt of such telephone calls.

20        11.    The TCPA was enacted to protect consumers from unsolicited phone

21  calls exactly like those alleged in this case. In response to Defendant's unlawful

22  conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring

23  Defendant to cease all unsolicited telephone calling activities and an award of

24  

---

25     [1] http://www.agrgroupinc.com/about-us/our-mission/ (Last visited September

26  15, 2014).

27     [2] *Id.*

28  

3

statutory damages to the members of the Class under the TCPA, together with costs
and reasonable attorneys' fees.

**THE CALLS TO PLAINTIFF ALEXANDER BRAURMAN**

12.    Starting in or around November 2009, Plaintiff began receiving calls to
his residential telephone from the phone number (602) 516-1062, which is
associated with AGR.[3]  Below is a list of some of the phone calls made by AGR to
plaintiff:

| DATE | TIME | FROM | TO | DURATION | CALLER ID |
|---|---|---|---|---|---|
| 11/13/09 | 4:42 PM | (602) 516-1062 | (XXX) XXX-0540 | 00:01:00 | AGR |
| 9/22/10 | 4:12 PM | (602) 516-1062 | (XXX) XXX-0540 | 00:01:00 | AGR |
| 11/1/10 | 5:23 PM | (602) 516-1062 | (XXX) XXX-0540 | 00:01:00 | AGR |

13.    Upon information and belief, AGR was calling in each of these
instances on behalf of third-party energy providers in an attempt to solicit
Plaintiff's business.

14.    Plaintiff does not have a relationship with Defendant, has never
provided his telephone number to Defendant, nor requested that Defendant call him
or offer him services.

15.    Likewise, Plaintiff's residential telephone number has been registered
with the National Do Not Call Registry since June 27, 2008, for the explicit purpose
of avoiding telemarketing calls just like those alleged in this case.

///

---

[3] See, e.g., http://800notes.com/Phone.aspx/1-602-516-1062;
http://phoneowner.info/Number.aspx/6025161062; http://whocallsme.com/Phone-
Number.aspx/6025161062;
http://www.callercomplaints.com/SearchResult.aspx?Phone=602-516-1062.

4

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as follows (the "Class"):

17.     All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendant that promoted Defendant's or a third party's products or services; (3) within a 12-month period; and (4) for whom Defendant had no current record of consent to place such calls to him or her.

18.     Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiff's counsel and Defendant's counsel.

19.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class.  Members of the Class can be easily identified through Defendant's records.

20.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the

5

following:

      a.  Whether Defendant's conduct constitutes a violation of the TCPA;

      b.  Whether Defendant systematically made telephone calls to members of the Class who Defendant did not have current record of consent to make such telephone calls;

      c.  Whether Defendant systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry; and

      d.  Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

21.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

22.   **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.  Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the

6

Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered similar harm and damages as a result of Defendant's unlawful and wrongful conduct.

23.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**<u>FIRST CAUSE OF ACTION</u>**

**Violation of 47 U.S.C. § 227**

**(On behalf of Plaintiff and the Class)**

24.    47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a

7

1  private action based on a violation of said regulations, which were promulgated to

2  protect telephone subscribers' privacy rights to avoid receiving telephone

3  solicitations to which they object.

4       25.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c),

5  provides that "No person or entity shall initiate any telephone solicitation" to "[a]

6  residential telephone subscriber who has registered his or her telephone number on

7  the national do-not-call registry of persons who do not wish to receive telephone

8  solicitations that is maintained by the federal government."

9       26.    47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are

10  applicable to any person or entity making telephone solicitations or telemarketing

11  calls to wireless telephone numbers to the extent described in the Commission's

12  Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations

13  Implementing the Telephone Consumer Protection Act of 1991,'" which the Report

14  and Order, in turn, provides as follows:

15
16      The Commission's rules provide that companies making
    telephone solicitations to residential telephone subscribers must
17      comply with time of day restrictions and must institute
    procedures for maintaining do-not-call lists. For the reasons
18      described above, we conclude that these rules apply to calls made
19      to wireless telephone numbers. We believe that wireless
    subscribers should be afforded the same protections as wireline
20      subscribers.

21       27.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity

22  shall initiate any call for telemarketing purposes to a residential telephone

23  subscriber unless such person or entity has instituted procedures for maintaining a

24  list of persons who request not to receive telemarketing calls made by or on behalf

25  of that person or entity. The procedures instituted must meet the following

26  minimum standards:

27      a.  Written policy. Persons or entitles making calls for telemarketing

28      8

1   purposes must have a written policy, available upon demand, for

2   maintaining a do-not-call list.

3   b.   Training of personnel engaged in telemarketing. Personnel engaged

4   in any aspect of telemarketing must be informed and trained in the

5   existence and use of the do-not-call list.

6   c.   Recording, disclosure of do-not-call requests. If a person or entity

7   making a call for telemarketing purposes (or on whose behalf such

8   a call is made) receives a request from a residential telephone

9   subscriber not to receive calls from that person or entity, the person

10   or entity must record the request and place the subscriber's name, if

11   provided, and telephone number on the do-not-call list at the time

12   the request is made. Persons or entities making calls for

13   telemarketing purposes (or on whose behalf such calls are made)

14   must honor a residential subscriber's do-not-call request within a

15   reasonable time from the date such request is made. This period

16   may not exceed thirty days from the date of such request . . . .

17   d.   Identification of sellers and telemarketers. A person or entity

18   making a call for telemarketing purposes must provide the called

19   party with the name of the individual caller, the name of the person

20   or entity on whose behalf the call is being made, and a telephone

21   number or address at which the person or entity may be contacted.

22   The telephone number provided may not be a 900 number or any

23   other number for which charges exceed local or long distance

24   transmission charges.

25   e.   Affiliated persons or entities. In the absence of a specific request by

26   the subscriber to the contrary, a residential subscriber's do-not-call

27   request shall apply to the particular business entity making the call

28

9

1    (or on whose behalf a call is made), and will not apply to affiliated

2    entities unless the consumer reasonably would expect them to be

3    included given the identification of the caller and the product being

4    advertised.

5         f.   Maintenance of do-not-call lists. A person or entity making calls for

6    telemarketing purposes must maintain a record of a consumer's

7    request not to receive further telemarketing calls. A do-not-call

8    request must be honored for 5 years from the time the request is

9    made."

10        28.    Defendant violated § 64.1200 (c) by initiating telephone solicitations

11   to wireless and residential telephone subscribers such as Plaintiff and the Class

12   members who registered their respective telephone numbers on the National Do Not

13   Call Registry, a listing of persons who do not wish to receive telephone solicitations

14   that is maintained by the federal government.  These consumers requested not to

15   receive calls from Defendant, as set forth in § 64.1200 (d)(3).

16        29.    Defendant and/or its agents made more than one unsolicited telephone

17   call to Plaintiff and members of the Class within a 12-month period without their

18   prior express consent to receive such calls and/or without having a prior existing

19   business relationship with Plaintiff and members of the Class.

20        30.    Defendant violated § 64.1200 (d) by initiating calls for telemarketing

21   purposes to residential and wireless telephone subscribers, such as Plaintiff and the

22   Class, without instituting procedures that comply with the regulatory minimum

23   standards for maintaining a list of persons who request not to receive telemarketing

24   calls from them.

25        31.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the

26   Class received more than one telephone call within a 12-month period made by or

27   on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

28                                         10

As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47

32. U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of § 64.1200.

33. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and the other Class Members the following relief against Defendant:

1. An order certifying the Class as defined above, appointing Plaintiff Alexander Braurman as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: September 19, 2014      Respectfully submitted,

By: */s/ Payam Shahian*

Payam Shahian
Strategic Legal Practices, APC
Attorneys for Plaintiff

11

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS  ( Check box if you are representing yourself ☐ ) | DEFENDANTS  ( Check box if you are representing yourself ☐ ) |
|---|---|
| ALEXANDER BRAURMAN, individually, and on behalf of a class of similarly situated individuals, | AGR GROUP, INC.; |

| (b) County of Residence of First Listed Plaintiff   state of New Jersey *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Los Angeles *(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. Payam Shahian (SBN 228406); Karen E. Nakon (SBN 278423); Michael Devlin (265365) STRATEGIC LEGAL PRACTICES, APC, 1875 Century Park East, Suite 700 Los Angeles, California 90067, Telephone: (310) 277-1040 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes   ☐ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ Over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

47 USC §227; Nationwide class action for violation of Telephone Consumer Protection Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY:  Case Number: SACV14-01519 AG(JCGx) |
|---|
| CV-71 (06/14)         CIVIL COVER SHEET         Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court?<br><br>☐ Yes  ☒ No<br><br>If "no, " skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes  ☒ No<br><br>If "no," skip to Question C.  If "yes," answer Question B.1, at right. | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question B.2. |
| | B.2.  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes  ☒ No<br><br>If "no, " skip to Question D.  If "yes," answer Question C.1, at right. | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question C.2. |
| | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?**<br><br>☒ Yes  ☐ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | **D.2.  Is there at least one answer in Column B?**<br><br>☐ Yes  ☐ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E:  Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F:  Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:**  Has this action been previously filed **in this court?**      ☒ NO      ☐ YES

      If yes, list case number(s): _____

**IX(b). RELATED CASES:**  Is this case related (as defined below) to any cases previously filed **in this court?**      ☒ NO      ☐ YES

      If yes, list case number(s): _____

Civil cases are related when they:

    ☐ A.  Arise from the same or closely related transactions, happening, or event;

    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

    Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   /s/ Michael Devlin _____   DATE:  September 19, 2014

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |